**FILED**

FEB 09 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | S U P E R S E D I N G |
| ) | I N D I C T M E N T |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| JENNIFER ALBANNA, ) | CASE NO. 22- CR-236 |
| TAHA ALBANNA, ) | Title 26, United States Code, |
| ) | Sections 7201 and 7206(2) |
| Defendants. ) | |

GENERAL ALLEGATIONS

At all times material to this Indictment:

**I.   Defendants and Their Business**

1. Defendants JENNIFER ALBANNA and TAHA ALBANNA, who were married, were residents of North Olmsted, Ohio, in the Northern District of Ohio, Eastern Division.

2. On or about September 14, 2006, PNA Transport was registered as a trade name under the laws of the State of Ohio. PNA Transport was a transportation and shipping logistics company located in Brook Park, Ohio, in the Northern District of Ohio, Eastern Division. JENNIFER ALBANNA and TAHA ALBANNA were the *de facto* owners and operators of PNA Transport and managed its daily operations but from time to time placed the legal ownership of PNA Transport in the names of various relatives as nominee third parties.

**II.   Tax Liability for 2007-2009, 2011 and 2013 and Attempts to Evade Payment**

3. On or about the following dates, JENNIFER ALBANNA filed her income taxes, jointly with Person 1 (known to the Grand Jury but not charged herein), for the calendar years

2007, 2008, 2009, 2011 and 2013 using a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"):

| Date | Calendar Year |
|---|---|
| 5/3/2010 | 2007 |
| 4/26/2010 | 2008 |
| 9/6/2010 | 2009 |
| 3/9/2015 | 2011 |
| 2/16/2015 | 2013 |

4. The sole income reported on JENNIFER ALBANNA's Forms 1040 for each of the calendar years 2007, 2008, 2009, 2011 and 2013 was business income derived from the operation of PNA Transport, a Schedule C sole proprietorship. As a result of JENNIFER ALBANNA's Forms 1040, she accrued an unpaid tax liability for each of the calendar years 2007, 2008, 2009, 2011 and 2013.

5. On or about September 6, 2014, the Internal Revenue Service initiated collections efforts against JENNIFER ALBANNA to attempt to collect the outstanding federal income tax liability for calendar years 2007, 2008 and 2009 and demanded payment of the balance due and owing. Following JENNIFER ALBANNA's filing of the 2011 and 2013 Forms 1040, the Internal Revenue Service expanded its collections efforts to include the tax liability for those calendar years as well.

6. As part of a scheme to evade payment of this outstanding federal income tax liability, JENNIFER ALBANNA and TAHA ALBANNA concealed and attempted to conceal their ownership interest in PNA Transport and the nature and extent of their assets in several ways. Specifically, among other things:

    a. From on or about February 18, 2014, through on or about September 18, 2015, in response to IRS levies on PNA Transport's business bank accounts, JENNIFER

2

ALBANNA and TAHA ALBANNA moved and caused to be moved PNA Transport's business bank accounts among various financial institutions;

  b. From on or about September 20, 2011, through on or about July 19, 2018, JENNIFER ALBANNA and TAHA ALBANNA deposited and caused to be deposited checks payable to PNA Transport to accounts controlled by third-party customers and factoring companies;

  c. From at least as early as December 2014, JENNIFER ALBANNA and TAHA ALBANNA represented that the ownership of PNA Transport had transferred to Person 2, a nominee family member (known to the Grand Jury but not charged herein); and

  d. From on or about April 16, 2015, through on or about February 14, 2019, JENNIFER ALBANNA and TAHA ALBANNA transferred and caused to be transferred title to their personal residence, located on Southern Avenue in North Olmsted, Ohio, to at least four separate nominee owners, including Person 2, while continuing to reside at the property.

7. As a further part of this scheme, JENNIFER ALBANNA made several material misstatements to the Internal Revenue Service, including, among other things, the following:

  a. On or about January 14, 2015, JENNIFER ALBANNA advised the Internal Revenue Service that she did not have funds to pay the outstanding tax liability;

  b. On or about September 1, 2016, JENNIFER ALBANNA advised the Internal Revenue Service that Person 1 owned and operated PNA Transport and was responsible for the outstanding tax liability;

   c. On or about October 5, 2016, JENNIFER ALBANNA advised the Internal Revenue Service that JENNIFER ALBANNA and TAHA ALBANNA rented their personal residence from Person 2; and

   d. On or about August 4, 2017, JENNIFER ALBANNA advised the Internal Revenue Service that she was an employee of PNA Transport.

  8. By undertaking the affirmative acts described above, among other things, JENNIFER ALBANNA and TAHA ALBANNA evaded and attempted to evade the payment of an outstanding federal income tax liability to the Internal Revenue Service for the calendar years 2007, 2008, 2009, 2011 and 2013.

### III. Attempts to Evade 2015 Tax Assessment

  9. On or about April 14, 2016, JENNIFER ALBANNA filed her income taxes for the calendar year 2015 using a Form 1040. As the owner of PNA Transport, which was a Schedule C sole proprietorship, JENNIFER ALBANNA was required to report PNA Transport's ordinary business income or loss on her Form 1040.

  10. JENNIFER ALBANNA used Accountant 1 to prepare her Form 1040 for the calendar year 2015. Person 2 also used Accountant 1 to prepare Person 2's Form 1040 for the calendar year 2015.

  11. JENNIFER ALBANNA provided Accountant 1 with information to prepare her Form 1040 and Person 2's 1040 for the calendar year 2015.

  12. In connection with the preparation of these taxes, and as part of a scheme to evade income taxes due and owing, JENNIFER ALBANNA caused income and expenses for PNA Transport to be reported on a Schedule C attached to Person 2's 2015 income tax returns instead of her own return. Specifically, among other things:

      a.    On or about August 18, 2016, JENNIFER ALBANNA falsely represented to Accountant 1 that Person 2 was the 100% owner of PNA Transport;

      b.    On or about August 18, 2016, JENNIFER ALBANNA provided PNA Transport's gross revenue and expenses to Accountant 1 for use in preparing Person 2's Form 1040 for the calendar year 2015; and

      c.    JENNIFER ALBANNA did not disclose her ownership interest in PNA Transport to Accountant 1.

13.    Accountant 1, relying on the information provided by JENNIFER ALBANNA, did not report income and expenses for PNA Transport on JENNIFER ALBANNA's Form 1040 for the calendar year 2015. Instead, Accountant 1 reported income and expenses for PNA Transport on a Schedule C attached to Person 2's Form 1040 for the calendar year 2015.

14.    By providing and causing to be provided materially false and fraudulent information regarding the ownership of PNA Transport to Accountant 1, JENNIFER ALBANNA:

      a.    caused her Form 1040 for the calendar year 2015 to be materially false, in that, as JENNIFER ALBANNA well knew, it did not properly reflect PNA Transport's income and expenses and, by extension, JENNIFER ALBANNA's own taxable income; and

      b.    caused Person 2's Form 1040 for the calendar year 2015 to be materially false, in that, as JENNIFER ALBANNA well knew, by including PNA Transport's income and expenses, the return did not properly reflect Person 2's taxable income.

**IV.**    **Attempts to Evade 2016 Tax Assessment**

15.    JENNIFER ALBANNA did not file income taxes for the calendar year 2016. As the owner of PNA Transport, which was a Schedule C sole proprietorship, JENNIFER

5

ALBANNA was required to file an income tax return reporting PNA Transport's ordinary business income or loss for the calendar year 2016.

16. Person 2 used Accountant 2 to prepare his Form 1040 for the calendar year 2016.

17. In connection with the preparation of these taxes, and as part of a scheme to evade income taxes due and owing, JENNIFER ALBANNA caused income and expenses for PNA Transport to be reported on a Schedule C attached to Person 2's 2016 income tax returns instead of reporting them herself. Specifically, among other things:

    a. On or about October 13, 2017, JENNIFER ALBANNA provided Person 2 with a Form 1099 purporting to reflect income that Person 2 earned from PNA Transport, knowing that Person 2 would, in turn, provide that information to Accountant 2 for use in preparing Person 2's Form 1040 for the calendar year 2016; and

    b. On or about October 13, 2017, JENNIFER ALBANNA provided Person 2 with a document purporting to contain expenses for PNA Transport, that Person 2 would, in turn, provide that information to Accountant 2 for use in preparing Person 2's Form 1040 for the calendar year 2016.

18. Accountant 2, relying on the information provided by JENNIFER ALBANNA through Person 2, reported income and expenses for PNA Transport on a Schedule C attached to Person 2's Form 1040 for the calendar year 2016.

19. By providing and causing to be provided materially false and fraudulent information regarding the ownership of PNA Transport to Accountant 2, JENNIFER ALBANNA:

    a. Misrepresented her income for the calendar year 2016, in that, as JENNIFER ALBANNA well knew, she did not file a Form 1040 properly reflecting PNA

Transport's income and expenses and, by extension, JENNIFER ALBANNA's own taxable income; and

    b.    caused Person 2's Form 1040 for the calendar year 2016 to be materially false, in that, as JENNIFER ALBANNA well knew, by including PNA Transport's income and expenses, the return did not properly reflect Person 2's taxable income.

## COUNT 1
(Attempt to Evade and Defeat Payment of Income Tax, 26 U.S.C. § 7201)

The Grand Jury charges:

20.    The allegations contained in Paragraphs 1 through 8 of the Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

21.    From on or about April 26, 2010, through on or about February 14, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants JENNIFER ALBANNA and TAHA ALBANNA, who were residents of North Olmsted, Ohio, willfully attempted to evade and defeat the payment of income tax due and owing by them to the United States of America, for the calendar years 2007, 2008, 2009, 2011 and 2013, by committing the following affirmative acts, among others:

    a.    Concealing and attempting to conceal from the Internal Revenue Service the nature and extent of JENNIFER ALBANNA's and TAHA ALBANNA's assets and the location thereof;

    b.    Making and causing to be made false oral and written statements to employees of the Internal Revenue Service about JENNIFER ALBANNA's and TAHA ALBANNA's income and assets and PNA Transport's income and assets;

    c.    Placing and causing to be placed funds and property belonging to JENNIFER ALBANNA and TAHA ALBANNA and PNA Transport in the names of third-party nominees; and

   d. Transferring and causing to be transferred funds and property of JENNIFER ALBANNA and TAHA ALBANNA and PNA Transport beyond the reach of legal process.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 2
(Attempt to Evade and Defeat Assessment of Income Tax, 26 U.S.C. § 7201)

The Grand Jury further charges:

  22. The allegations contained in Paragraphs 1 through 14 of the Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

  23. From on or about January 1, 2015, through on or about October 9, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JENNIFER ALBANNA, a resident of North Olmsted, Ohio, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the calendar year 2015, by committing the following affirmative acts, among others:

   a. Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for herself, which was submitted to the Internal Revenue Service;

   b. Preparing and causing to be prepared a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for Person 2, which was submitted to the Internal Revenue Service; and

   c. Providing false and fraudulent information related to PNA Transport to Accountant 1.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 3
(Attempt to Evade and Defeat Assessment of Income Tax, 26 U.S.C. § 7201)

The Grand Jury further charges:

24. The allegations contained in Paragraphs 1 through 8 and 15 through 19 of the Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

25. From on or about January 1, 2016, through on or about October 13, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JENNIFER ALBANNA, a resident of North Olmsted, Ohio, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the calendar year 2016, by committing the following affirmative acts, among others:

    a. Preparing and causing to be prepared a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for Person 2, which was submitted to the Internal Revenue Service; and

    b. Providing false and fraudulent information related to PNA Transport to Accountant 2.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 4
(Aiding or Assisting in the Preparation and Presentation of a False and Fraudulent Return, 26 U.S.C. § 7206(2))

The Grand Jury further charges:

26. The allegations contained in Paragraphs 1 through 14 of the Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

27. On or about November 13, 2017, in the Northern District of Ohio, Eastern Division, Defendant JENNIFER ALBANNA willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of United States Individual Income Tax Returns, an Amended Form 1040 and attached Schedule C,

for Person 2, which was false and fraudulent as to a material matter. That the tax return and attached forms reported fictitious 1099 expenses to offset additional taxes due and owing arising from a fictitious Schedule C, claiming Person 2 was the owner of PNA Transport, filed with the original Form 1040 submitted for the 2015 calendar year, whereas JENNIFER ALBANNA knew that the 1099 expenses reported on the Amended Form 1040 and Schedule C were false and Person 2 was not the owner of PNA Transport.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT 5
(Aiding or Assisting in the Preparation and Presentation of a False and Fraudulent Return, 26 U.S.C. § 7206(2))

The Grand Jury further charges:

28. The allegations contained in Paragraphs 1 through 8 and 15 through 19 of the Superseding Indictment are re-alleged and incorporated by reference as if fully set forth herein.

29. On or about November 20, 2017, in the Northern District of Ohio, Eastern Division, Defendant JENNIFER ALBANNA willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of United States Individual Income Tax Returns, a Form 1040 and attached Schedule C, for Person 2, which was false and fraudulent as to a material matter. That the tax return and attached forms

reported a fictitious Schedule C, claiming Person 2 was the owner of PNA Transport, for the 2016 calendar year, whereas JENNIFER ALBANNA knew that the Schedule C was false and Person 2 was not the owner of PNA Transport.

All in violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.