PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:22-CR-236-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TAHA ALBANNA, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the Court upon Magistrate Judge Carmen E. Henderson's Report and Recommendation ("R&R") that the Court accept Defendant Taha Albanna's  ("Defendant") plea of guilty and enter a finding of guilty against Defendant.  ECF No. 54.

On October 19, 2023, the Government filed a Supplemental Information against Defendant alleging violation of 26 U.S.C. § 7203, failure to file income tax return.  ECF No. 51. Defendant had previously notified the Court of  Defendant's intent to enter a plea of  guilty.  ECF No. 47.  The Court issued a Modified Order referring the matter to the United States Magistrate Judge for the purpose of arraigning Defendant on the Supplemental Information and receiving Defendant's guilty plea.  ECF No. 52.

On October 19, 2023, Magistrate Judge Henderson held a hearing during which Defendant consented to the order of referral (ECF No. 53) and entered a plea of guilty to Count 1 of the Supplemental Information.  Magistrate Judge Henderson received Defendant's guilty plea, and issued a Report recommending that this Court accept Defendant Taha Albanna's plea and

(1:22-CR-236-2)

enter a finding of guilty.  ECF No. 54.

The time limitation to file objections to the Magistrate Judge's Report and

Recommendation has expired and neither party has filed objections or requested an extension of

time.

Fed. R. Crim. P. 11(b) states:

Before the court accepts a plea of guilty or nolo contendere, the defendant may be
placed under oath, and the court must address the defendant personally in open
court. During this address, the court must inform the defendant of, and determine
that the defendant understands, the following: (A) the government's right, in a
prosecution for perjury or false statement, to use against the defendant any
statement that the defendant gives under oath; (B) the right to plead not guilty, or
having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D)
the right to be represented by counsel - and if necessary have the court appoint
counsel - at trial and at every other stage of the proceeding; (E) the right at trial to
confront and cross-examine adverse witnesses, to be protected from compelled
self-incrimination, to testify and present evidence, and to compel the attendance of
witnesses; (F) the defendant's waiver of these trial rights if the court accepts a
plea of guilty or nolo contendere; (G) the nature of each charge to which the
defendant is pleading; (H) any maximum possible penalty, including
imprisonment, fine, and term of supervised release; (I) any mandatory minimum
penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution;
(L) the court's obligation to impose a special assessment; (M) in determining a
sentence, the court's obligation to calculate the applicable sentencing-guideline
range and to consider that range, possible departures under the Sentencing
Guidelines, and other sentencing factors under 18 U.S.C. §3553(a); and (N) the
terms of any plea-agreement provision waiving the right to appeal or to
collaterally attack the sentence.

The undersigned has reviewed the transcript and the Magistrate Judge's R&R and finds,

that in her careful and thorough proceeding, Magistrate Judge Henderson satisfied the

requirements of Fed. R. Crim. P. 11 and the United States Constitution.  Defendant was placed

under oath and determined to be competent to enter a plea of guilty.  Defendant was made aware

(1:22-CR-236-2)

of the charges and consequences of conviction and his rights and waiver thereof.  Magistrate

Judge Henderson also correctly determined that Defendant had consented to proceed before the

magistrate judge and tendered his plea of guilty knowingly, intelligently and voluntarily.

Furthermore, the magistrate judge also correctly found that there was an adequate factual basis

for the plea.

Upon *de novo* review of the record, the Report and Recommendation is adopted.

Therefore, Defendant Taha Albanna is adjudged guilty of Count 1 of the Supplemental

Information, willful failure to file return, in violation of 26 U.S.C. § 7203.


IT IS SO ORDERED.


| November 3, 2023 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |